**Robert Tenorio Torres**
**Attorney at Law**
Plata Drive, Whispering Palms (Chalan Kiya)
P.O. Box 503758
Saipan, MP 96950

Tel: (670) 234-7859
Fax. (670) 234-5749

Attorney for GUO ZHAN DONG

# UNITED STATES DISTRICT COURT THE
# DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>            **Plaintiff,**<br><br>vs.<br><br>**GUO, ZHAN DONG,**<br><br>            **Defendant.** | Case No. 08-00005<br><br>**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**<br><br>Hearing: June 20, 2008<br>Time: 9 am<br>Judge: Alex R. Munson |

Defendant GUO, ZHAN DONG, (Mr. Guo), through counsel Robert T. Torres, respectfully submits the following Memorandum in Aid of Sentencing. This memorandum is intended to assist the Court as it considers the appropriate sentence for Mr. Guo.

A.

## THE PRESENTENCE REPORT

Mr. Guo has no objections to the Presentence Report ("PSR").

B.

## SUPPLEMENTAL SENTENCING INFORMATION

In view of the PSR and in addition to the policy objectives of the Advisory Sentencing Guidelines, Mr. Guo would assert that the main issue for consideration at sentencing is what is the appropriate sentence within the applicable range of 10-16 months of confinement with credit for time served (162 days from January 11 to June 20, 2008).

The PSR indicates that Mr. Guo may be sentenced to a "split sentence." However, the Plea Agreement precludes such an option based on the fact that Mr. Guo's immigration status is questionable at best. Mr. Guo has been detained since his arrest on January 10, 2008.

In this Memorandum Mr. Guo indicates that he understands that the United States will be filing its recommendation for a downward departure based on substantial assistance. Without delving into the details of that recommendation, Mr. Guo states that the Court is aware of the nature of such recommendations and the grudging reticence on the part of the United States to make such recommendations without substantial

justification. We believe that Mr. Guo meets that standard here. Even so, at this point in the inquiry, the United States already recommends the low-end of the sentencing range: 10 months.

The PSR properly describes Mr. Guo for who he is and what he is not. He is a simple man from rural China, unsophisticated in criminal ways. He resorted to his criminal conduct in order to raise money to return to China since his former employer abandoned him. Being without resources Mr. Guo allowed himself to become part of an enterprise selling ice to persons on the island of Tinian. But Mr. Guo is so unfamiliar with drug trafficking or drug sale activity that he found himself selling a controlled substance to an undercover police officer on three occasions over two days.

Yet, whether he lacked the intellectual acuity of a street-wise drug dealer, the fact is that Mr. Guo sold a dangerous controlled substance in our community. Being obtuse or desperate does not justify resorting to crimes. That he did so to bring himself home to China does not justify his conduct. For that clear error in judgment, however, he accepts responsibility.

However, what is salient is that Mr. Guo has cooperated immediately, Waiving Indictment and saving the government resources while providing as much information as he knows. More than anything else this is a

hallmark of one whom has taken responsibility for his misconduct and it is also one of rehabilitation: that one tries to do something good after doing something bad.  He has placed himself in harm's way to correct the harm he has done.  Mr. Guo is a good man who has done a bad thing.

Mr. Guo has spent much time in jail contemplating his offense.  Indeed, as of June 20th he will have spent one-half of the low end of the sentencing range in jail: 5 months.  If permitted, based on the Zone C determination of the range, Mr. Guo would have been able to have a term of supervised release if allowed by the Court.

That option not being available here, and with the Government's anticipated recommendation for a downward departure, it is Mr. Guo's view that he should simply be sentenced to time served and be removed back to China thereafter.  The factors of deterrence and punishment have been accomplished.  At the same time, allowing him to benefit from his cooperation.

Like other persons whom have appeared before this Court in similar cases, Mr. Guo is painfully aware of the Court's dim view of one who engages in the sale of drugs to others and the terrible impact of drug abuse on the island of Tinian as well as our other islands.

In closing, Mr. Guo appreciates the Court's fair-mindedness and the

fair treatment he has received from the Prosecution, the law enforcement investigating agencies, the U.S. Marshals Service, and the U.S. Probation Office.

Respectfully submitted this 11th day of June, 2008

_____
ROBERT T. TORRES   F 1097
Attorney at Law