UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

CR- 08-00005-001                                             July 1, 2008
                                                             8:40 a.m.

**UNITED STATES OF AMERICA -v- GUO, ZHANG DONG**

PRESENT:   HON. ALEX R. MUNSON, Chief Judge Presiding
           SANAE SHMULL, Court Reporter
           K. LYNN LEMIEUX, Courtroom Deputy
           BEVERLY MC CALLUM, Assistant U. S. Attorney
           ROBERT TORRES, Counsel for Defendant
           GUO, ZHANG DONG, Defendant

PROCEEDING:     SENTENCING

Defendant was present with his court appointed counsel, Attorney Robert Torres. Government by Beverly McCallum, Assistant U.S. Attorney. Also present was U.S. Probation Officer, Margarita Wonenberg.

Norman Xing was present and sworn as interpreter/translator of the Mandarin language.

Defendant was sworn.

Court adopted the presentence investigation report, and the addendum, and instructed the Clerk to file the report, under seal, and that the report, and the addendum, be made available if the judgment is appealed. The probation officer's recommendation shall also be placed under seal. No objection by the parties.

Government moved for a downward departure to an offense level nine pursuant to U.S.S.G. §5K1.1 for Substantial Assistance. Government moved for the lowest sentence within that range.

Attorney Torres moved for a sentence of time served.

SENTENCE: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant **GUO, ZHANG DONG** is hereby sentenced to **6 months imprisonment** on each of Counts I, II, and III, under the custody of the Bureau of Prisons with credit for time served. The terms are to be served concurrently. At any time following this date of sentencing, if the defendant secures his return ticket to People's Republic of China and leaves the CNMI on his own volition, or if the CNMI Immigration Officials were to deport him to China, the defendant will be deemed to have satisfied his

term of imprisonment. Upon release from imprisonment, the defendant is ordered to serve a term of supervised release of **three years** on each of Counts I, II, and III (served concurrently) which will include the following conditions:

1. That the defendant shall be delivered to a duly authorized Immigration Official for deportation proceedings. If immediate deportation fails to occur, and the defendant is released, he shall immediately report to the U.S. Probation Office for supervised release;

2. That the defendant shall not commit another federal, state or local crime;

3. That the defendant shall not unlawfully use and/or possess a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the U.S. Probation Officer for the detection of drug and alcohol use;

4. That the defendant shall be prohibited from the use of alcohol;

5. That the defendant shall be prohibited from possessing a firearm or other dangerous weapon or have such weapon at his residence;

6. That the defendant shall submit to the collection of a DNA sample at the direction of the United States Probation Office;

7. That the defendant shall comply with the standard conditions of supervised release as set forth at 18 U.S.C. §3583; and

8. That the defendant shall perform 200 hours of community service under the direction of the United States Probation Office.

Pursuant to §5E1.2(f) of the guidelines, all fines are waived since it has been determined that the defendant does not have the ability to pay.

It is further ordered that the defendant pay to the United States a special assessment fee of $300 to be paid immediately after sentencing.

Defendant was advised that he had previously waived his right to appeal the sentence in this case but that if he or his attorney find any other reason in which to appeal that he had ten days in which to do so. Further, the defendant was advised of his right to an attorney for appeal and that the Court will appoint an attorney if he could not afford one.

Defendant was remanded into the custody of the U.S. Marshal.

Adj. 9:10 a.m.

/s/ K. Lynn Lemieux, Courtroom Deputy